FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 14 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARMANDO RAMOS,

          Plaintiff,

   -vs.-

SAM'S SURPRISES INC., SUBHASH C. GANDHI, and
HARSHVADAN J CHITRODA,

          Defendants.
-----------------------------------------------------------------X

Case No. **CV 10 - 4183**
COMPLAINT

MATSUMOTO, J.
GO. M.J.

Plaintiff, ARMANDO RAMOS, by and through his attorneys, LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows upon information and belief:

### *THE PARTIES*

1. The plaintiff ARMANDO RAMOS (hereinafter "Ramos") is an individual residing in Jamaica, New York.

2. Upon information and belief, the defendant SAM'S SURPRISES INC. (hereinafter "Sam Surprises") was and is a domestic business corporation.

4. Upon information and belief, defendant Sam Surprises' principal place of business is located at 81-03 Northern Blvd., Jackson Heights, NY 11372.

5.  Upon information and belief, the Defendant SUBHASH C. GANDHI (hereinafter "Gandhi") is an individual whose place of business is 81-05 Northern Blvd., Jackson Heights, NY 11372.

6.  Upon information and belief, and at all times relevant to this complaint, the Defendant Gandhi served as a principal, officer and/or manager of the defendant Sam Surprises.

7.  Upon information and belief, the Defendant HARSHVADAN J CHITRODA (hereinafter "Chitroda") is an individual who resides at 141-28 84th Drive, Apt 5H, Jamaica, NY 11435

8.  Upon information and belief, and at all times relevant to this complaint, the Defendant Chitroda served as a principal, officer and/or manager of the defendant Sam Surprises.

## *JURISDICTION AND VENUE*

9.  Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.., and plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2.

10. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as each of the defendants reside within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

11. At all times relevant to this complaint, defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

12. At all times relevant to this complaint, and in the course of his duties, plaintiff regularly handled products which had been moved in commerce.

13. The defendant Sam Surprises is a cigarette and candy wholesale distributing company.

14. Plaintiff Ramos was hired by the defendants on or about March 24, 2009 and was employed until June 29, 2010.

15. Plaintiff Alfonso was hired as a delivery driver and was assigned various duties including but not limited to, stocking and taking payments.

16. Plaintiff was employed by the defendants and worked 6 days per week Monday through Saturday, inclusive, from 8:30am up to approximately 9:00pm with no lunch break.

17. Plaintiff was to be paid six hundred dollars per week but recived only four hundred seventy nine dollars per week.

18. However, upon information and belief, none of the differential between these two figures represented permissible or appropriate deductions, and the defendants never properly submitted any of these funds to the appropriate taxing authorities.

19. The plaintiff regularly worked for the defendants in excess of the forty (40) hour work week, however, plaintiff never received any premium overtime pay for work performed in excess of the forty hour work week.

20. At all times relevant to this complaint, the plaintiff performed his duties for the defendant Sam Surprises at the direction and under the control of the defendants Gandhi and Chitroda.

21. At all times relevant to this complaint, the defendants Gandhi and Chitroda issued plaintiff his pay.

22. At all times relevant to this complaint, with respect to the employees of Sam Surprises, and more specifically the plaintiff herein, the defendants Gandhi and Chitroda

supervised employees and, made decisions as to hiring and firing and as to wages.

23. At all times relevant to this complaint, the defendants Gandhi and Chitroda acted as plaintiff's employer within the meaning of FLSA and New York State's Labor Law.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

24. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

25. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

26. The defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay plaintiffs the applicable minimum wage.

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

27. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

28. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

29. The defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay plaintiffs overtime pay at premium rate of one and one half times plaintiffs regular rate of pay.

### AS AND FOR A THIRD CAUSE OF ACTION
### STATE MINIMUM WAGE ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

30. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

31. The defendants herein willfully and in bad faith violated Article § 650 by failing to pay plaintiff the applicable minimum wage.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

32. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

33. The defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay plaintiff overtime pay at premium rate of one and one half times plaintiff regular rate of pay.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *UNLAWFUL DEDUCTIONS FROM WAGES*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FEDERAL LAW)*

34. On or about and between March 24, 2009 through June 29, 2010, inclusive, certain funds earned by, and owed to, plaintiff as wages were deducted from the pay he actually received by the defendants and each of them.

35. The foregoing constituted unlawful deductions from wages in violation of 29 U.S.C. Sec. 531.38.

36. Upon information and belief, these funds were unlawfully, maliciously, knowingly and fraudulently misappropriated by the defendants, and each of them;

37. By reason of the foregoing, the defendants, and each of them, are liable to the plaintiff for the return of the funds with interest, for any interest and/or penalties incurred by the plaintiff with any taxing or other governmental authorities by reason

of defendant's failure to properly remit any funds due and owing by reason of plaintiff's employment, and for a sum of exemplary damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM WAGES
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (STATE LAW)

38. On or about and between March 24, 2009 through June 29, 2010, inclusive, certain funds earned by, and owed to, plaintiff as wages were deducted from the pay he actually received by the defendants and each of them.

39. The foregoing constituted unlawful deductions from wages in violation of NY Labor Law Sec. 193.

40. Upon information and belief, these funds were unlawfully, maliciously, knowingly and fraudulently misappropriated by the defendants, and each of them;

41. By reason of the foregoing, the defendants, and each of them, are liable to the plaintiff for the return of the funds with interest, for any interest and/or penalties incurred by the plaintiff with any taxing or other governmental authorities by reason of defendant's failure to properly remit any funds due and owing by reason of plaintiff's employment, and for a sum of exemplary damages.

**WHEREFORE**, plaintiff prays for judgment as against the defendants, and each of them, as follows:

(a) awarding back pay for minimum wages due and owing to the plaintiff;

(b) awarding back pay for overtime pay due and owing to the plaintiff;

(c) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(d) awarding the costs and disbursements of this action, along with reasonable attorney fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(e) awarding plaintiff reimbursement of all funds inappropriately and/or unlawfully deducted from this wages, with interest thereon, reimbursing plaintiff for any and all interest or penalties incurred with any governmental agency and/or taxing authority, reimbursing plaintiff for any reasonable accounting fees necessary to file amended returns or such other documents as may be required to bring him into appropriate tax compliance, and awarding plaintiff a sum of exemplary damages as may be fitting in the judgment of the trier of fact;

(f) awarding any other relief this Court deems just, proper and equitable.

Dated: September 9, 2010
      New York, New York

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
William Cafaro (WC2730)
Attorneys for Plaintiff
19 West 44th Street, Ste. 1500

New York, New York 10036
(212) 583-7400
File No. 52572

To:

SAM'S SURPRISES INC.
81-03 Northern Blvd.
Jackson Heights, NY 11372

SUBHASH C. GANDHI
81-05 Northern Blvd.
Jackson Heights, NY 11372

HARSHVADAN J. CHITRODA
14128 84th Drive, Apt 5H
Jamaica, NY 11435